FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2009 APR 27 AM 11:43
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES L. HARDY and EMMA L. )
HARDY, )
)
    Plaintiffs, )
)
v. )
) CASE NO. CV406-194
SHEILA CAUTHEN and JERRY M. )
SCREEN, LLC, )
)
    Defendants. )
)

# O R D E R

Before this Court is Plaintiffs' Submittal to Itemize Damages and Attorney's Fees. (Doc. 31.) On January 16, 2009, this Court granted Plaintiffs' Motion for Default Judgment. (Doc. 30.) However, the Court was unable to discern how Plaintiffs arrived at the amount of damages claimed. (Id. at 2-4.) Furthermore, Plaintiffs requested an award of attorney's fees, but failed to provide the Court even with a total for the amount of fees sought. (Doc. 29 ¶ 14.) Therefore, the Court directed Plaintiffs to provide additional documentation concerning their calculation of actual damages, and evidentiary support for determining an award of attorney's fees and expenses.

(Doc. 30 at 4-5.) In response, Plaintiffs filed the Submittal presently before this Court. (Doc. 31.)

While the Court is satisfied that Plaintiffs have met their burden concerning actual damages of $472,415.93, Plaintiffs' documentation concerning attorney's fees is woefully inadequate. The Georgia Racketeer Influenced and Corrupt Organizations Act ("RICO") allows for an aggrieved party to recover attorney's fees and expenses reasonably incurred during litigation.[1] O.C.G.A. § 16-14-6(c). The burden is on the party seeking attorney's fees to establish both their actual cost and reasonableness. Doe v. HGI Realty, Inc., 254 Ga. App. 181, 183, 561 S.E.2d 450, 453 (2002) (quoting Santora v. Am. Combustion, 225 Ga. App. 771, 774, 485 S.E.2d 34 (1997)). A party will be unable to recover attorney's fees if he fails to prove the value of

---

[1] Plaintiffs requested attorney's fees only under the Georgia RICO Act, rather than any federal statute. (Doc. 31 at 3.) Where federal jurisdiction is based on diversity, a party's claim for attorney's fees, including the amount of any award, is governed by state law. See Otero v. Vito, No. 5:04-CV-211, 2007 WL 1390721, at *3 (M.D. Ga. May 9, 2007) (unpublished) (quoting Trans Coastal Roofing Co. v. David Boland, Inc., 309 F.3d 758, 760 (11th Cir. 2002)) (calculating amount of attorney's fees under Georgia RICO statute according to Georgia law), Warranty Corp. v. Hans, No. CIV. A. 98-0889, 2000 WL 284261, at *6 (S.D. Ala. Mar. 9, 2000) ("[I]n this diversity action . . . , entitlement to [attorneys' fees], and the amount thereof, is a question of state law . . . .").

2

the services rendered. Home Depot U.S.A. v. Tvrdeich, 268 Ga. App. 579, 584, 602 S.E.2d 297, 302 (2004). Commonly, billing statements are used to show the actual cost of attorney's fees and expenses incurred during litigation. Santora, 225 Ga. App. at 771, 485 S.E.2d at 37.

Georgia courts may consider the amount of fees generated by a contingent fee contract in assessing the reasonableness of a party's request for attorney's fees. S. Cellular Telecom v. Banks, 209 Ga. App. 401, 403, 433 S.E.2d 606, 608 (1993) ("A court may consider a contingent fee agreement and the amount it would have generated as evidence of usual and customary fees in determining both the reasonableness and the amount of an award of attorney fees.") However, the mere presence of such an agreement, standing alone, is inadequate to support an award of attorney's fees. Hsu's Enters., Inc. v. Hospitality Int'l, Inc., 233 Ga. App. 309, 310, 502 S.E.2d 776, 777-78 (1998). Specifically, "[a] naked assertion that the fees are 'reasonable,' without any evidence of hours, rates, or other indication of the value of the professional services actually rendered is inadequate." Id. at 310, 502 S.E.2d

3

at 778 (citing <u>Hercules Auto. v. Hayes</u>, 194 Ga. App. 135, 136-37, 389 S.E.2d 571, 572-73 (1989)).

In this case, Plaintiffs have failed to provide this court with any documentation, outside of the contingency fee agreement, to support an award of attorney's fees. Plaintiffs have stated that, based on the contingency agreement, attorney's fees in this case are $128,103.98.[2] Also, Plaintiffs' counsel states that he has spent approximately 109 hours on this matter prior to the Submittal presently before the Court.[3] A quick calculation indicates that Plaintiffs' counsel seeks an award of fees at the rate of approximately $1,175 per hour. The Court is doubtful that such an award could be found reasonable.

---

[2] Plaintiffs have not identified what portion of this figure represents costs of litigation as opposed to attorney's fees. Therefore, the Court assumes that this total represents only attorney's fees.

[3] The need for Plaintiffs' counsel to provide a detailed account of how he spent his time working on this case becomes readily apparent. For example, Plaintiffs' counsel had to spend additional time to obtain the default judgment in this case because he failed to properly request entry of default prior to seeking the default judgment. (<u>See</u> Doc. 28.) Also, the Submittal presently before the Court is counsel's second attempt at establishing damages to the satisfaction of the Court. (<u>See</u> Doc. 30.) Plaintiffs' counsel is unlikely to recover all 109 hours he seeks because some of this time represents duplicative work performed due to counsel's prior mistakes. To award Plaintiffs' counsel fees for work performed as the result of his own errors would be anything but reasonable.

Furthermore, the Court finds it questionable whether 109 hours were required to obtain a default judgment in a case of this type.

Regardless, the Court will provide Plaintiffs' counsel with one final opportunity to establish and provide support for an award of reasonable attorney's fees. The Court suggests that counsel consult applicable state and federal law to determine what documentation is necessary to support an award of attorney's fees. Accordingly, Plaintiffs' counsel is **DIRECTED** to supplement its request for attorney's fees within **twenty (20) days** of the date of this Order.[4]

SO ORDERED this 27th day of April, 2009.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] The Court will make a final determination concerning all damages, including any award of punitive damages, after receipt of the additional documentation.

5